**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SHAW CREATIONS, INC., | : | CIVIL ACTION NO. 09-2331 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : |  |
| GALLERIA ENTERPRISES, INC., | : |  |
| Defendant. | : |  |

**THE PLAINTIFF** is a defunct corporation.  (See dkt. entry no. 32, Mag. Judge Letter Order at 1.)  Ronald Rankin is the plaintiff's president.  (Id.)  Eve Shaw "was married to Ronald Rankin".  Shaw Creations v. Galleria Enters., No. 07-600728, 2010 WL 4156452, at *1 (N.Y. Sup. Ct., N.Y. Cnty. Oct. 8, 2010) (separate action in New York state court involving same parties).[1]

**THE PLAINTIFF'S COUNSEL** moved before the Magistrate Judge to withdraw as counsel, as: (1) he "attempted to contact Mr. Rankin at his last known address and his last known telephone number but was unable to contact him"; (2) he has "spoken with Dr. Eve Shaw [and] was also able, through Dr. Shaw, to reach Ronald Rankin"; (3) "Rankin is unwilling to appear for deposition and refuses further participation in the case"; and (4) "[b]oth Mr. Rankin and Dr. Shaw have given me their consent to withdraw as counsel for the defunct corporation".  (Dkt. entry no. 31-1, Decl. of Pl. Counsel at 2.)

---

[1] A judgment has been entered in the defendant's favor and against the plaintiff in the New York action.  See Judgment, Shaw Creations v. Galleria Enters., No. 07-600728 (N.Y. Sup. Ct., N.Y. Cnty. Apr. 20, 2011).

**THE MAGISTRATE JUDGE**: (1) granted the motion by the plaintiff's counsel to withdraw as being unopposed by the defendant or the plaintiff itself; (2) ordered Rankin, "if he disagrees", to "file an objection to th[e] order"; and (3) ordered that "Plaintiff must retain new counsel, who is directed to make an appearance in this matter no later than **June 23, 2014**".  (Mag. Judge Letter Order at 1.)  Rankin and Shaw received copies of that order by certified mail.  (See dkt. entry no. 33, Certified Receipt for Rankin; dkt. entry no. 34, Certified Receipt for Shaw.)

**THE PLAINTIFF** has filed no objections with the Court.  The plaintiff has not advised the Court whether it is actively seeking new counsel, even though the time to hire new counsel has expired.  The plaintiff, as a corporation, "cannot proceed as a pro se litigant", and "a non-attorney . . . may not represent the interests of a corporation in a federal court".  Lawson v. Nat'l Cont'l-Progressive Ins. Co., 347 Fed.Appx. 741, 742 n.1 (3d Cir. 2009) (citing Rowland v. Cal. Men's Colony, 506 U.S. 194, 201–02 (1993) and Osei–Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir.1991)).

**THE PLAINTIFF** has thus failed to keep in contact with the Court or participate in the litigation.  Therefore, the Court will dismiss the Complaint for the plaintiff's failure to resume prosecution of the action.  For good cause appearing, the Court will enter an appropriate order and judgment.

    s/Mary L. Cooper  
    **MARY L. COOPER**  
    United States District Judge

Dated:  June 25, 2014